# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| WILL NEAL, JR., | ) | |
| | ) | |
| Plaintiff, | ) | No. 3:15-cv-0425 |
| | ) | Judge Trauger |
| v. | ) | Magistrate Judge Newbern |
| | ) | |
| JOHN FORT, | ) | JURY DEMAND |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OF OPINION

Pending before the court is Plaintiff Will Neal, Jr.'s *Daubert* Motion to Exclude the Testimony of David Huskey. (Docket No. 35.) For the reasons stated herein, Plaintiff's Motion will be **GRANTED**.

**I.  BACKGROUND**

This is a personal injury case centered on a car wreck involving Plaintiff and Defendant in the early morning hours of January 3, 2015. The parties fundamentally disagree as to the cause of the accident. In support of his version of the events, Defendant disclosed David G. Huskey, a Senior Forensics Engineer, as an expert witness and reserved the right to use Mr. Huskey at the trial. (Docket No. 42, p. 2.) Pursuant to Federal Rule of Civil Procedure 26(a)(2)(B), Mr. Huskey prepared a written report titled the Accident Reconstruction Engineering Report (the "Report") which contains his opinion on a variety of issues but which focuses primarily on the cause of the wreck (Docket No. 35-1). Defense counsel provided Mr. Huskey with statements made by the "involved drivers" [Plaintiff, Defendant, and a witness], the police crash report, and photographs of the involved vehicles. (*Id.* at p. 3.) The Report contains

1

four sections: Description of the Traffic Crash, Summary of the Drivers' Statements, Analysis of the Traffic Crash, and Summary of Conclusions. (*Id.*) The Description of the Traffic Crash recapitulates the information contained in the police report. (*Id.* at pp. 3–4.) As the title indicates, the Summary of the Drivers' Statements sets forth the Plaintiff and Defendant's proffered versions of the incident. (*Id.* at p. 5.) The heart of the Report is the Analysis of the Traffic Crash, in which Mr. Huskey provides a step-by-step breakdown of how he believes the accident occurred, along with photographs of the parties' damaged vehicles and two diagrams. (*Id.* at pp. 5–8.) Mr. Huskey's reconstruction analysis essentially concurs with Defendant's allegations. The Summary of Conclusions reads as follows:

> The incident occurred on January 3, 2015 at 3:55 a.m. on Interstate 65 near mile marker 75 in Nashville, Tennessee.
>
> Impact occurred as Vehicle 2, the GMC Safari, was northbound on Interstate 65 and crossed into the path of Vehicle 1, the Acura MDX, which was also northbound on Interstate 65.
>
> The initial impact occurred when the right front corner of Vehicle 1 struck the left front side of Vehicle 2.
>
> This impact is consistent with the police report, Driver 1 and the witness.
>
> Impact and loss of control did not occur in the rear end manner as suggested by Mr. Neal.

(*Id.* at p. 8.)

After Mr. Huskey's Report was disclosed, he was provided with supplemental materials, including Plaintiff's deposition, the deposition of another witness to the accident, and Defendant's interrogatory responses to certain questions regarding Defendant's recollection of the facts. (Docket No. 35, pp. 3–4.) The additional materials did not alter Mr. Huskey's opinion. (*Id.*)

Plaintiff now moves to exclude Mr. Huskey's Report, arguing that it fails to satisfy the standards of reliability and relevance set forth in Federal Rule of Evidence 702 as well as *Daubert* and its progeny. (Docket No. 35.) Plaintiff also asserts that the court should not permit an amendment of the Report, pursuant to Federal Rule of Civil Procedure 37(c)(1). (*Id.* at pp. 13–14.) Defendant filed a Response, contending that the Report is both reliable and relevant and thus should not be excluded. (Docket No. 42.)

## II. LEGAL STANDARD

### A. Daubert *and Federal Rule of Evidence Rule 702*

Federal Rule of Evidence 702 governs the admissibility of an expert witness's testimony at trial. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589 (1993). Under Rule 702,

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

"[T]he trial judge has discretion in determining whether a proposed expert's testimony is admissible based on whether the testimony is both relevant and reliable." *Palatka v. Savage Arms, Inc.*, 535 F. App'x 448, 453 (6th Cir. 2013) (quotation omitted). The court's task is to assess "whether the reasoning or methodology underlying the testimony is scientifically valid and … whether that reasoning or methodology properly can be applied to the facts in issue." *Daubert*, 509 U.S. at 592–93.

The district court acts as the "gatekeeper" on opinion evidence, *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 142 (1997), and must exercise its gatekeeping function "with heightened care." *U.S. v. Cunningham*, 679 F.3d 355, 380 (6th Cir. 2012) (quotation omitted). The court will not exclude expert testimony "merely because the factual bases for an expert's opinion are weak." *Andler v. Clear Channel Broad., Inc.*, 670 F.3d 717, 729 (6th Cir. 2012) (citations omitted). Indeed, rejection of expert testimony is the exception rather than the rule—the gatekeeping function established by *Daubert* was never "intended to serve as a replacement for the adversary system." *See Rose v. Matrixx Initiatives, Inc.*, 2009 WL 902311, at *7 (W.D. Tenn. 2009) (citing Fed. R. Evid. 702 advisory committee's note).

Rule 702 does not "require anything approaching absolute certainty." *Tamaraz v. Lincoln Elec. Co.*, 620 F.3d 665, 671–72 (6th Cir. 2010) (citing *Daubert*, 509 U.S. at 590). Under *Daubert*, experts are "permitted wide latitude in their opinions, including those not based on firsthand knowledge, so long as the expert's opinion has a reliable basis in the knowledge and experience of the discipline." *Dilts v. United Grp. Servs., LLC*, 500 F. App'x 440, 445 (6th Cir. 2012) (quoting *Daubert*, 509 U.S. at 592) (internal quotation marks omitted). "*Daubert* and Rule 702 require only that the expert testimony be derived from inferences based on a scientific method and that those inferences be derived from the facts of the case at hand, not that they know the answer to all the questions a case presents[.]" *Jahn v. Equine Servs. PSC*, 233 F.3d 382, 390 (6th Cir. 2000) (emphasis and internal citation omitted). By the same token, "the 'knowledge' requirement of Rule 702 requires more than subjective belief or unsupported speculation." *Tamraz*, 620 F.3d at 670 (quoting *Daubert*, 509 U.S. at 590). Lastly, the "party proffering expert testimony must show by a preponderance of the evidence that the expert whose testimony is being offered is qualified and will testify to scientific knowledge that will assist the

trier of fact in understanding and disposing of issues relevant to the case." *Pride v. BIC Corp.*, 218 F.3d 566, 578 (6th Cir. 2000) (citing *Daubert*, 509 U.S. at 592 n.10).

  B. *Federal Rule of Civil Procedure 26*

  The Federal Rules of Civil Procedure require disclosure of all expert witnesses, along with a written report prepared and signed by the expert. Fed. R. Civ. P. 26(2). The written report "shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or in support for the opinions …" 26(a)(2).

  C. *Federal Rule of Civil Procedure 37(c)(1)*

  The Federal Rules of Civil Procedure mandate that, where a party fails to disclose information required by Rule 26, that party may not use that information at trial, unless such failure to disclose is harmless. Fed. R. Civ. P. 37(c)(1). "[A]bsent a showing of 'substantial justification' or 'harmless' violation, Rule 37(c)(1) requires a district court to impose a sanction for violation of the disclosure requirement." *Vaughn v. City of Lebanon*, 18 F. App'x 252, 263 (6th Cir. 2001). Courts have recognized that Rule 37 "is designed to provide a strong inducement for disclosure of Rule 26(a) material." *Ames v. Van Dayne*, No. 95-3376, 100 F.3d 956, 1996 WL 662899, at *4 (6th Cir. Nov. 13, 1996) (quoting *Newman v. GHS Osteopathic, Inc.*, 60 F.3d 153, 156 (6th Cir. 1995)).

**III.** **ANALYSIS**

  Plaintiff seeks to exclude the expert testimony of Mr. Huskey on three grounds: (A) that his testimony is not reliable; (B) that his testimony is not relevant; and (C) that his Report does not comply with Rule 26(a)(2)(B). (Docket No. 35, pp. 10–12.)

5

Expert testimony is reliable if it (1) is based on sufficient facts or data, (2) is grounded in reliable principles and methods, and (3) applies those principles and methods to the facts of the case in a reliable manner. Fed. R. Evid. 702. The Supreme Court in *Daubert* provided several non-exclusive factors for district courts to consider when evaluating the reliability of an opinion witness's testimony. 509 U.S. at 592–94. Not all *Daubert* factors apply in every case. *Dilts*, 500 F. App'x at 445. In *Kumho Tire Co. v. Carmichael*, the Supreme Court explained that "the law grants a district court the same broad latitude when it decides how to determine reliability as it enjoys in respect to its ultimate reliability determination." 526 U.S. 137, 141–42 (1999). "In considering challenges to the reliability of scientific evidence, the focus is on the methodology utilized by the expert, not the conclusion drawn." *U.S. v. Roberts*, 830 F. Supp. 2d 372, 377 (M.D. Tenn. 2011) (citing *Daubert*, 509 U.S. at 590). The inquiry is "a flexible one," and "[t]he focus ... must be solely on principles and methodology, not on the conclusions they generate." *Id.* at 594–95. Further, courts are not required to "admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert." *Kumho Tire*, 526 U.S. at 157.

In support of his argument to exclude Mr. Huskey's testimony, Plaintiff relies in part on *Reynolds v. Freightliner LLC*, No. CIV. 05-70-GFVT, 2006 WL 5249744 (E.D. Ky. June 21, 2006), an unpublished case from a sister court that also dealt with a traffic accident. (Docket No. 35, pp. 8–9.) In *Reynolds*, the court excluded the one and one-half page report of an accident reconstruction expert regarding the force, dynamics, and potential product defects involved in a tractor-trailer accident because it consisted almost entirely of conclusory statements. 2006 WL 5249744 at *5. The court was particularly concerned about the lack of requisite basis and reasons for the expert's proffered opinions as to conclusions unrelated to his expertise. *Id.* Defendant contends that the present issue is distinguishable, in that "Mr. Huskey was simply

6

asked to look at the damage to the vehicles to determine the positioning of the vehicles when they collided" and that any potential conclusory opinions are overcome by his engineering and mathematical background. (Docket No. 42, pp. 12–13.) The court disagrees.

Mr. Huskey's Report is virtually devoid of any methodology and, without any identifiable method of reasoning, his testimony is facially unreliable. Defendant argues that "Mr. Huskey's analysis of the traffic crash includes diagrams of how the vehicles received the corresponding damage, an evaluation of the heights of the damage to the vehicles correlated with the heights of the two vehicles, and an analysis of the rotation of the vehicles at impact," and that his "method of using photographs of the damaged cars and recreating how that damage occurred based [on] engineering principles and the facts presented by the parties is reliable." (*Id.* at p. 13.) However, the issue is that Mr. Huskey has not cited a single engineering principle, or indeed *any* principles. While it is undisputed that Mr. Huskey is highly experienced and qualified, that does not mean his methodologies are inherently reliable. Without employing a discernible methodology or sufficiently explaining how he reached these conclusions, the court is unable to examine the reliability of the analysis. It is "well within" a district court's discretion to exclude expert testimony when there is an "absence of meaningful analysis or reasoning[.]" *See Brainard v. Am. Skandia Life Assur. Corp.*, 432 F.3d 655, 664 (6th Cir. 2005) (citations omitted).

Furthermore, the Report contains no explanation of how Mr. Huskey's experience informed his conclusions. Without such an explanation, there is simply too great an analytical gap between the facts of the case and the proffered opinion to permit Mr. Huskey's testimony to go to the jury. While an expert's experience may be the basis for reliable testimony, it is not sufficient for an expert merely to recite his experience without further explanation. As explained

in the commentary to Rule 702, an expert must be able to articulate the connection between his experience and his conclusions in a particular case:

> If the witness is relying solely or primarily on experience, then the witness must explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts. The trial court's gatekeeping function requires more than simply 'taking the expert's word for it.'

Fed. R. Evid. 702 advisory committee's note (2000) (quoting *Daubert v. Merrell Dow Pharm., Inc.*, 43 F.3d 1311, 1319 (9th Cir. 1995)). It is undisputed that Mr. Huskey is a qualified accident reconstruction expert; however, nothing in the record or Report describes how his experience led to his conclusions or explains how he reliably applied his experience to the facts of the case.

Finally, the Defendant asserts that Plaintiff's argument goes to the weight of the testimony, as opposed to its admissibility, and that the weight to be given expert testimony is generally reserved for the trier of fact. *Reynolds*, 2006 WL 5249744 at *10. Additionally, the court can only determine whether the principles and methodology underlying the testimony are valid; it cannot question an otherwise valid methodology. *Daubert*, 509 U.S. at 596. However, as explained above, Mr. Huskey's Report lacks a methodology that can be tested in the traditional manner of cross-examination. While it is true that "[i]t is not a ground for exclusion that an expert's opinion is inconsistent with the account presented by the Plaintiff or based on hypothetical factual scenarios" (Docket No. 42, p. 14), this is not the reason the testimony must be excluded. Rule 702 requires exclusion of Mr. Huskey's Report because the absence of a methodology makes his testimony patently unreliable, which in turn also diminishes the relevance of the Report, since it cannot help the jury determine the issues at hand in a reliable manner.

As noted earlier, Federal Rule of Civil Procedure 26(a)(2)(B) requires that expert reports contain, among other things:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
> (ii) the facts or data considered by the witness in forming them;
> (iii) any exhibits that will be used to summarize or support them[.]

Plaintiff contends that the Report is deficient under Rule 26(a) for failing to disclose the expert's methodology. (Docket No. 35, p. 12.) Failure to comply with Rule 26(a)'s disclosure requirements precludes a party from using such evidence at a trial or hearing, or on a motion, unless such failure was substantially justified or harmless. Rule 37(c)(1); *see also Roberts ex rel. Johnson v. Galen of Va., Inc.*, 325 F.3d 776, 782 (6th Cir. 2003) (stating that Rule 37(c)(1) "requires absolute compliance" with Rule 26(a)").

Mr. Huskey's Report does not comply with Rule 26(a) because, as discussed above, it fails to provide the "how and why" of his opinions. *Salgado v. General Motors Corp.*, 150 F.3d 735, 741 n.6 (7th Cir. 1998) ("Expert reports must include 'how' and 'why' the expert reached a particular result, not merely the expert's conclusory opinions."); *see also Smith v. State Farm Fire and Cas. Co.*, 164 F.R.D. 49, 54 (S.D. W.Va. 1995) (finding plaintiff's experts' reports not in compliance with Rule 26(a), where they "refer[red] to massive amounts of documents as the basis for the opinions which are expressed in vague terms, with few specific references."). "[A]bsent a showing of 'substantial justification' or 'harmless' violation, Rule 37(c)(1) requires a district court to impose a sanction for violation of the disclosure requirement. *Vaughn*, 18 F. App'x at 263. Because there has been no showing that the Rule 26 violation was substantially justified or harmless, pursuant to Rule 37(c)(1), the testimony of Mr. Huskey will be excluded from trial.

## IV. Conclusion

For the reasons stated above, Plaintiff's Motion to Exclude the Testimony of David G. Huskey will be **GRANTED** and an appropriate Order will be filed herewith.

_____
ALETA A. TRAUGER
UNITED STATES DISTRICT JUDGE