**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **WILL NEAL, JR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **No. 3:15-cv-0425** |
| | ) | **Judge Trauger** |
| **v.** | ) | **Magistrate Judge Newbern** |
| | ) | |
| **JOHN FORT,** | ) | **JURY DEMAND** |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM**

Before the Court is Plaintiff Will Neal, Jr.'s Daubert Motion to Exclude the Testimony of

Roman Kickirillo. (Doc. No. 36.) For the reasons stated herein, Plaintiff's Motion will be

granted.

**I.    BACKGROUND**

This is a personal injury case centered on a car wreck involving Plaintiff and Defendant

in the early morning hours of January 3, 2015. The parties fundamentally disagree as to the

cause of the accident. Unnamed Defendant State Farm Mutual Automobile Insurance Company

("State Farm"), the Plaintiff's uninsured motorist carrier, disclosed Roman Kickirillo as an

expert witness in the field of motor vehicle accident investigation and reconstruction. (Docket

No. 47, p. 1.) State Farm retained him specifically to investigate the accident and "determine if a

vehicle struck the rear of Mr. Neal's 1999 Chevrolet [sic] Van, causing a loss of control."

(Docket No. 36-1, p. 14.) Pursuant to Federal Rule of Civil Procedure 26(a)(2)(B), Mr.

Kickirillo prepared a written report of his findings and conclusions (the "Report"). (*Id.*) He

1

bases his analysis on his March 9 study of the accident scene, seventy-three photographs of the Plaintiff's and Defendant's respective vehicles, the police report, and Plaintiff's deposition. (*Id.*)

The Report contains sections including Description of the Traffic Crash, Study of the Crash Site, Study of Vehicle 1 (Defendant's Vehicle), Study of Vehicle 2 (Plaintiff's Vehicle), Deposition of Plaintiff, Analysis of Traffic Incident, and Summary of Conclusions. (*Id.* at pp. 14–18.) The Description of the Traffic Crash recapitulates the information contained in the police report. (*Id.* at pp. 14–15.) The Study of the Crash Site is a one-paragraph depiction of the collision area. (*Id.* at p. 15.) Study of Vehicle 1 and Study of Vehicle 2 contain detailed physical descriptions of Plaintiff and Defendant's respective vehicles, and Deposition of Mr. Will Neal summarizes Plaintiff's deposition testimony. (*Id.* at pp. 15–16.) The heart of the Report is the Analysis of the Traffic Incident, in which Mr. Kickirillo provides a step-by-step breakdown of how he believes the accident occurred, along with attached diagrams to illustrate. (*Id.* at pp. 17, 68–70.) The reconstruction analysis supports State Farm's claim that Plaintiff's vehicle was not struck from behind by a third party. (*Id.* at p. 17.) The Summary of Conclusions consists of twenty bullet points that essentially reiterate the Analysis. (*Id.* at p. 18.) Among other things, Mr. Kickirillo again concludes that "Mr. Neal's vehicle was not struck from behind by another vehicle," (Docket No. 36-1, p. 18), which directly contradicts Plaintiff's testimony that his vehicle was struck from behind (*id.* at p. 16).

After Mr. Kickirillo's Report was disclosed, he was provided with supplemental materials including the deposition transcripts of Brian and Kimberly Young, the deposition summaries of Alan Digruttolo and Christopher Scrum, and David G. Huskey's expert report. (*Id.* at p. 72.) The additional materials did not alter Mr. Kickirillo's opinion. (*Id.*)

Plaintiff now moves to exclude Mr. Kickirillo's Report, arguing that it fails to satisfy the standards of reliability and relevance set forth in Federal Rule of Evidence 702 as well as *Daubert* and its progeny. (Docket No. 36.) Plaintiff also asserts that the court should not permit an amendment of the Report, pursuant to Federal Rule of Civil Procedure 37(c)(1). (*Id.* at pp. 11–12.) State Farm filed a Response, contending that the Report is both reliable and relevant and thus that Kickirillo should not be excluded as a witness at trial. (Docket No. 47.)

## II.     LEGAL STANDARD

### A.  Daubert *and Federal Rule of Evidence Rule 702*

Federal Rule of Evidence 702 governs the admissibility of an expert witness' testimony at trial. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589 (1993). Under Rule 702,

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>> (b) the testimony is based on sufficient facts or data;
>> (c) the testimony is the product of reliable principles and methods; and
>> (d) the expert has reliably applied the principles and methods to the facts of the case.

"[T]he trial judge has discretion in determining whether a proposed expert's testimony is admissible based on whether the testimony is both relevant and reliable." *Palatka v. Savage Arms, Inc.*, 535 F. App'x 448, 453 (6th Cir. 2013) (quotation omitted). The court's task is to assess "whether the reasoning or methodology underlying the testimony is scientifically valid and … whether that reasoning or methodology properly can be applied to the facts in issue." *Daubert*, 509 U.S. at 592–93.

The district court acts as the "gatekeeper" on opinion evidence, *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 142 (1997), and must exercise its gatekeeping function "with heightened care." *U.S. v. Cunningham*, 679 F.3d 355, 380 (6th Cir. 2012) (quotation omitted). The court will not exclude expert testimony "merely because the factual bases for an expert's opinion are weak." *Andler v. Clear Channel Broad., Inc.*, 670 F.3d 717, 729 (6th Cir. 2012) (citations omitted). Indeed, rejection of expert testimony is the exception rather than the rule—the gatekeeping function established by *Daubert* was never "intended to serve as a replacement for the adversary system." *See Rose v. Matrixx Initiatives, Inc.*, 2009 WL 902311, at *7 (W.D. Tenn. 2009) (citing Fed. R. Evid. 702 advisory committee's note).

Rule 702 does not "require anything approaching absolute certainty." *Tamaraz v. Lincoln Elec. Co.*, 620 F.3d 665, 671–72 (6th Cir. 2010) (citing *Daubert*, 509 U.S. at 590). Under *Daubert*, experts are "permitted wide latitude in their opinions, including those not based on firsthand knowledge, so long as the expert's opinion has a reliable basis in the knowledge and experience of the discipline." *Dilts v. United Grp. Servs., LLC*, 500 F. App'x 440, 445 (6th Cir. 2012) (quoting *Daubert*, 509 U.S. at 592) (internal quotation marks omitted). "*Daubert* and Rule 702 require only that the expert testimony be derived from inferences based on a scientific method and that those inferences be derived from the facts of the case at hand, not that they know the answer to all the questions a case presents[.]" *Jahn v. Equine Servs. PSC*, 233 F.3d 382, 390 (6th Cir. 2000) (emphasis and internal citation omitted). By the same token, "the 'knowledge' requirement of Rule 702 requires more than subjective belief or unsupported speculation." *Tamraz*, 620 F.3d at 670 (quoting *Daubert*, 509 U.S. at 590). Lastly, the "party proffering expert testimony must show by a preponderance of the evidence that the expert whose testimony is being offered is qualified and will testify to scientific knowledge that will assist the

tier of fact in understanding and disposing of issues relevant to the case." *Pride v. BIC Corp.*, 218 F.3d 566, 578 (6th Cir. 2000) (citing *Daubert*, 509 U.S. at 592 n.10).

### B. *Federal Rule of Civil Procedure 26*

The Federal Rules of Civil Procedure require disclosure of all expert witnesses, along with a written report prepared and signed by the expert. Fed. R. Civ. P. 26(2). The written report "shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or in support for the opinions …" 26(a)(2).

### C. *Federal Rule of Civil Procedure 37(c)(1)*

The Federal Rules of Civil Procedure mandate that, where a party fails to disclose information required by Rule 26, that party may not use that information at trial, unless such failure to disclose is harmless. Fed. R. Civ. P. 37(c)(1). "[A]bsent a showing of 'substantial justification' or 'harmless' violation, Rule 37(c)(1) requires a district court to impose a sanction for violation of the disclosure requirement." *Vaughn v. City of Lebanon*, 18 F. App'x 252, 263 (6th Cir. 2001). Courts have recognized that Rule 37 "is designed to provide a strong inducement for disclosure of Rule 26(a) material." *Ames v. Van Dayne*, No. 95-3376, 100 F.3d 956, 1996 WL 662899, at *4 (6th Cir. Nov. 13, 1996) (quoting *Newman v. GHS Osteopathic, Inc.*, 60 F.3d 153, 156 (6th Cir. 1995)).

## III. ANALYSIS

Plaintiff seeks to exclude the expert testimony of Mr. Kickirillo on three grounds: (A) that his testimony is not reliable; (B) that his testimony is not relevant; and (C) that his Report does not comply with Rule 26(a)(2)(B). (Docket No. 36, pp. 9–12.)

### A. *Reliability*

Expert testimony is reliable if it (1) is based on sufficient facts or data, (2) is grounded in reliable principles and methods, and (3) applies those principles and methods to the facts of the case in a reliable manner. Fed. R. Evid. 702. The Supreme Court in *Daubert* provided several non-exclusive factors for district courts to consider when evaluating the reliability of an opinion witness's testimony. 509 U.S. at 592–94. Not all *Daubert* factors apply in every case. *Dilts*, 500 F. App'x at 445. In *Kumho Tire Co. v. Carmichael*, the Supreme Court explained that "the law grants a district court the same broad latitude when it decides how to determine reliability as it enjoys in respect to its ultimate reliability determination." 526 U.S. 137, 141–42 (1999). "In considering challenges to the reliability of scientific evidence, the focus is on the methodology utilized by the expert, not the conclusion drawn." *U.S. v. Roberts*, 830 F. Supp. 2d 372, 377 (M.D. Tenn. 2011) (citing *Daubert*, 509 U.S. at 590). The inquiry is "a flexible one," and "[t]he focus ... must be solely on principles and methodology, not on the conclusions they generate." *Id.* at 594–95. Further, courts are not required to "admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert." *Kumho Tire*, 526 U.S. at 157.

Plaintiff contends that the Report is deficient because it "does not cite any methodology or how such methodology was applied," and it "is completely devoid of any citation to any learned treatise." (*Id.*) State Farm broadly states that Mr. Kickirillo "applie[d] the laws of physics to his findings" and that "Mr. Kickirillo's methodology of assessing the physical evidence through photographs of the damaged cars, a visit to the accident scene and the statements of the parties … is reliable." (Docket No. 47, p. 9.) The court disagrees.

An expert's theory must be testable, meaning that the "expert's methodology must be well-defined and arrive at precise conclusions (which could in theory be tested against reality)." 5 David L. Faigman et al., *Mod. Sci. Evidence* § 42:10 (2016–2017 ed.) (citing *Benton v. Ford*

*Motor Co.*, 492 F. Supp. 2d 874, 879 (S.D. Ohio 2007) ("Daubert's test to determine reliability focuses on the capability of methodology or theory to be tested … and not necessarily on whether any given expert's conclusions have been tested.")).   State Farm claims that Mr. Kickirillo "discusses his methodology" in his Report, yet the court is unable to find any such discussion.   Indeed, the only mention of a principle of physics appears to be in the Report's Summary of Conclusions, which states rather succinctly that "[t]he collision caused the Neal vehicle to rotate clockwise.  This is due to the Principle Direction of Force (PDOF) being ahead of the vehicle's center of mass."  (Docket No. 36-1, p. 18.)  Mr. Kickirillo also attached vehicle data such as dimensions, weight, and center of gravity, but this information is found nowhere in the Report itself.  (*Id.* at pp. 55–62.)

Mr. Kickirillo's Report is virtually devoid of any methodology and, without any identifiable method of reasoning, his testimony is facially unreliable.  While it is undisputed that Mr. Kickirillo is highly experienced and qualified, that does not mean his methodologies are inherently reliable.  Without employing a discernible methodology or sufficiently explaining how he reached these conclusions, the court is unable to examine the reliability of the analysis. It is "well within" a district court's discretion to exclude expert testimony when there is an "absence of meaningful analysis or reasoning[.]" *See Brainard v. Am. Skandia Life Assur. Corp.*, 432 F.3d 655, 664 (6th Cir. 2005) (citations omitted).

Furthermore, the Report contains no explanation of how Mr. Kickirillo's experience informed his conclusions.  Without such an explanation, there is simply too great an analytical gap between the facts of the case and the proffered opinion to permit Mr. Kickirillo's testimony to go to the jury.  While an expert's experience may be the basis for reliable testimony, it is not sufficient for an expert merely to recite his experience without further explanation.  As explained

in the commentary to Rule 702, an expert must be able to articulate the connection between his experience and his conclusions in a particular case:

> If the witness is relying solely or primarily on experience, then the witness must explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts. The trial court's gatekeeping function requires more than simply 'taking the expert's word for it.'

Fed. R. Evid. 702 advisory committee's note (2000) (quoting *Daubert v. Merrell Dow Pharm., Inc.*, 43 F.3d 1311, 1319 (9th Cir. 1995)). It is undisputed that Mr. Kickirillo is a qualified accident reconstruction expert; however, nothing in the record or Report describes how his experience led to his conclusions or explains how he reliably applied his experience to the facts of the case. Rule 702 requires exclusion of Mr. Kickirillo's Report because the absence of a well-defined methodology makes his testimony patently unreliable, which in turn also diminishes the relevance of the Report, since it cannot help the jury determine the issues at hand in a reliable manner.

As noted earlier, Federal Rule of Civil Procedure 26(a)(2)(B) requires that expert reports contain, among other things:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
> (ii) the facts or data considered by the witness in forming them;
> (iii) any exhibits that will be used to summarize or support them[.]

Plaintiff contends that the Report is deficient under Rule 26(a) for failing to disclose the expert's methodology. (Docket No. 36, pp. 11–12.) Failure to comply with Rule 26(a)'s disclosure requirements precludes a party from using such evidence at a trial or hearing, or on a motion, unless such failure was substantially justified or harmless. Rule 37(c)(1); *see also Roberts ex rel.*

*Johnson v. Galen of Va., Inc.*, 325 F.3d 776, 782 (6th Cir. 2003) (stating that Rule 37(c)(1) "requires absolute compliance" with Rule 26(a)").

Mr. Kickirillo's Report does not comply with Rule 26(a) because, as discussed above, it fails to provide the "how and why" of his opinions. *Salgado v. General Motors Corp.*, 150 F.3d 735, 741 n.6 (7th Cir. 1998) ("Expert reports must include 'how' and 'why' the expert reached a particular result, not merely the expert's conclusory opinions."); *see also Smith v. State Farm Fire and Cas. Co.*, 164 F.R.D. 49, 54 (S.D. W.Va. 1995) (finding plaintiff's experts' reports not in compliance with Rule 26(a), where they "refer[red] to massive amounts of documents as the basis for the opinions which are expressed in vague terms, with few specific references."). "[A]bsent a showing of 'substantial justification' or 'harmless' violation, Rule 37(c)(1) requires a district court to impose a sanction for violation of the disclosure requirement. *Vaughn*, 18 F. App'x at 263. Because there has been no showing that the Rule 26 violation was substantially justified or harmless, pursuant to Rule 37(c)(1), the testimony of Mr. Kickirillo will be excluded from trial.

IV.    CONCLUSION

For the reasons stated herein, Plaintiff's Motion to Exclude the Testimony of Roman Kickirillo is **GRANTED**. An appropriate Order will be filed herewith.

Entered this 30th day of January, 2017.

_____
ALETA A. TRAUGER
UNITED STATES DISTRICT JUDGE